**ZIONS FIRST NATIONAL BANK, N.A., Plaintiff and Appellant,**

v.

**FOX & COMPANY, a general partnership, Charles H. Foote, and John Does 1–100, Defendants and Appellees.**

No. 960048.

Supreme Court of Utah.

June 27, 1997.

---

**3.** These provisions of the Utah Code were repealed and replaced in 1990 by §§ 73–5a–101 to –702.

Gary R. Howe, P. Bryan Fishburn, Mark L. Callister, Salt Lake City, for plaintiff and appellant.

Kenneth W. Yeates, Todd M. Shaughnessy, Salt Lake City, for defendants and appellees.

DURHAM, Justice:

Plaintiff Zions First National Bank (Zions) appeals the trial court's grant of summary judgment in favor of defendants Fox & Company (Fox), an accounting firm, and Charles H. Foote, an accountant. Zions claims the trial court erred in finding that, as a matter of law, Zions does not have a claim for negligence, partial indemnity, or contribution for monies it paid in settlement for damages partially caused by Fox and Foote. We affirm.

This dispute arose out of an action brought against Zions in its capacity as personal representative of Jerome B. Pepper's estate and as the trustee of trusts that Pepper and his wife created. As personal representative, Zions assumed control of various businesses that Pepper had owned or controlled. After receiving the assurances of Foote,[1] the accountant for the businesses, and having received a positive report from an audit conducted by Fox in 1980, Zions continued to operate the businesses until 1981. In 1981, the board of directors of one of the businesses ordered its liquidation. At that time, Zions discovered that Fox's audit report had overstated the inventory of the business by approximately $600,000.

The Pepper estate closed in the fall of 1981. In April 1982, the Pepper beneficiaries filed an action against Zions. The beneficiaries asserted five claims for relief, claiming that (1) Zions committed fraud, mismanagement, and self-dealing as the estate's executor, causing the estate's assets to dissipate; (2) as trustee, Zions should have charged itself, as personal representative, with breach of fiduciary duty for failing to transfer the estate's assets to the trustee prior to the personal representative's bad acts; (3 & 4) Zions negligently carried out its duties as trustee of Mr. and Mrs. Pepper's trusts and breached its fiduciary duty; and (5) the court should award the beneficiaries punitive damages for the previously alleged wrongs. The beneficiaries specifically alleged that they incurred damage "as the businesses continued to be operated when in fact they were not profitable, and continued operation wasted estate assets."

---

1. Foote, initially a partner at the firm of Main Hurdman, was the accountant for Jerome Pepper's various businesses. He joined Fox in May 1980, where he continued to serve as an accountant for those businesses after Jerome Pepper's death.

Zions thereafter filed a third-party complaint against Fox and Foote, among others, alleging that their inaccurate assurances and negligently prepared audit report led Zions to act as it did. Zions asserted liability against Fox and Foote under only the first two claims for relief, apparently because the third and fourth claims related to the trusts, not to the estate, and Fox and Foote worked only for the estate. Later, at the request of Fox and Foote, Zions agreed to dismiss its third-party claims against them with provisions for potential future reinstatement.

In May 1992, Zions and the Pepper plaintiffs resolved the litigation through a stipulated settlement agreement. Pursuant to the agreement, Zions paid $2.8 million in compensation to the Pepper plaintiffs in settlement of all five claims described above.

After settling with the beneficiaries, Zions filed this action seeking relief for the damages it claims to have suffered from Foote's assurances and Fox's negligently performed audit. Zions seeks to recover from Fox and Foote that portion of the settlement amount it paid to the Pepper plaintiffs that it would have avoided but for defendants' negligence. Zions claims that it would have sold the businesses earlier had Fox's audit been accurate and thus that Zions could have avoided some of its liability to the estate.

■ The district court granted summary judgment against Zions. Summary judgment poses a question of law that we review for correctness. *Winegar v. Froerer Corp.*, 813 P.2d 104, 107 (Utah 1991). We will affirm a grant of summary judgment only where no genuine issue of material fact exists. *Id.*

■ Whether we characterize Zions' claim as one for indemnity, partial indemnity, contribution, or negligence, Zions must still show that the conduct of Fox and Foote caused its losses. Those losses, however, can be measured only by the undifferentiated sum Zions paid in settlement of all the Pepper claims, including those entirely unrelated to the acts of Fox and Foote. A trier of fact simply has no practical way to distinguish, in retrospect, what portion of the settlement payment was attributable to Zions' independent liability and what portion, if any, was caused by the conduct of Fox and Foote.[2] The very nature of settlement is inimical to such an effort at deconstruction after the fact. That the Pepper plaintiffs and Zions itemized the values they accorded to separate claims, recorded discounted amounts attributable to compromise, or memorialized the subtleties of their settlement negotiations is highly unlikely. Even if they had, their assessments of the value of losses ultimately attributable to Fox and Foote could not bind a subsequent fact finder. By forgoing its right to have a trier of fact adjudicate the causation and amount of the Pepper plaintiffs' claims against it, Zions lost the ability to seek an allocation of a portion of those damages to Fox and Foote.

Zions' suggestion that such an allocation might legitimately be undertaken now overlooks the enormous and unfair burdens defendants would have to bear in a trial. Zions, of course, would have an incentive to claim that it paid the major part of the settlement amount for the claims for which it has sought third-party liability against Foote and Fox rather than for those claims for which it was independently liable. The Pepper plaintiffs are not a party to this action and have no incentive to participate in any helpful way. Furthermore, that they or Zions even addressed questions of third-party liability, or even of separate itemization of their claims, at the time of the settlement is unlikely. As we observed above, private settlement negotiations simply do not lend themselves to post-settlement deconstruction.

---

2. Zions relies on *Harmon City v. Nielsen & Senior*, 907 P.2d 1162 (Utah 1995), for the proposition that a settling defendant can sue a third party to recover the settlement amount. *Harmon City* is inapposite; the only questions raised in that case related to (1) ERISA preemption of state law claims, (2) standing to sue, and (3) the accuracy of professional advice given by legal counsel. No issue was raised or decided regarding the availability of the underlying claim, and in any event, there was no problem with allocation of liability and apportionment of a lump sum settlement amount. The settling defendant, who was the plaintiff in *Harmon City*, claimed that the third party was solely liable for the entire settlement amount.

In conclusion, Zions cannot prove that Fox's and Foote's acts resulted in any specific portion of the settlement because the settlement itself covered a range of claims (some not involving Fox and Foote) without any allocation of damages for distinct claims ever having been determined by a trier of fact. To preserve its claims against Fox and Foote, Zions had two options before settling with the Peppers: (1) It could have proceeded to litigation to ascertain the amount of the Pepper damages attributable to Zions and the amount attributable to Fox and Foote, or (2) it could have brought Fox and Foote into the settlement process so that they could monitor their own interests. Zions failed to utilize either option and cannot now ask the courts to perform what would essentially be an "autopsy" on its settlement with the Peppers. The judgment of the trial court is affirmed.

ZIMMERMAN, C.J., HOWE and RUSSON, JJ., and STANTON M. TAYLOR, Judge, concur.

Having disqualified himself, STEWART, Associate C.J., does not participate herein; STANTON M. TAYLOR, District Judge, sat.